**SO ORDERED.**

**SIGNED** this 21 day of September, 2012.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

BRANDON C. TURNER,                    CASE NO. 12-03577-8-JRL
                                      CHAPTER 7
    DEBTOR.

_____

### ORDER

This matter came before the court on the chapter 7 trustee's original and supplemental objection to the debtor's claim of exemptions and the debtor's motion to amend Schedule C-1. A hearing on the matters was held in Wilmington, North Carolina on September 19, 2012.

### BACKGROUND

On May 10, 2012, Brandon C. Turner (hereinafter "debtor") filed for relief under chapter 7 of the Bankruptcy Code, followed by amendments to Schedules B and C-1 filed on June 21, 2012. On his amended C-1, the debtor claimed exemptions for, *inter alia*, income earned during the 60-day period prior to the petition date in the amount of $5,955.25, tools of the trade in the amount of $945.00 and personal property under the wild card exemption provided by N.C. Const. Art. X, § 1. On the petition date, the debtor maintained two accounts with State Employee's Credit Union ("SECU") – a checking account with a balance of $1,927.47 and a

savings account with a balance of $4,027.78 (collectively "SECU accounts") – which the debtor claimed represented wages earned within the 60-day period prior to filing and necessary to support his family. The debtor claimed this wage exemption despite the fact that his Schedule J, filed along with the bankruptcy petition, stated that he was unemployed.

At the initial § 341 meeting of creditors on June 15, 2012, the trustee deemed the descriptions of property in Schedules B and C-1 wholly insufficient and requested they be amended to provide a more detailed listing of the debtor's personal and exempt property. During the § 341 meeting, the debtor disclosed that the funds in the SECU accounts were the remnants of proceeds he received in connection with the sale of his vehicle in April 2010. On June 21, 2012, the debtor complied with the trustee's request and filed amended Schedules B and C-1. On his amended Schedule C-1, the debtor continued to advocate that the proceeds from the sale of his vehicle located in the SECU accounts fell within the wage exemption under N.C. Gen. Stat. § 1-362.

On July 20, 2012, the trustee filed an objection to the debtor's exemptions to the funds contained in the SECU accounts on the grounds that they are not earnings necessary to support the debtor's family under N.C. Gen. Stat.§ 1-362 and sought turnover of the property in dispute. On July 22, 2012, the debtor filed a motion seeking to amend Schedules C and C-1, over the objection of the trustee. On August 14, 2012, the trustee filed a supplemental objection to the debtor's claim of exemption of certain personal property under the tools of the trade exemption located in N.C. Gen. Stat. § 1C-1601(a)(5) because the debtor is unemployed and not engaged in any trade. The trustee also objected to the property claimed by the debtor as exempt pursuant to the wild card exemption in N.C. Const., Art. X, § 1.

At hearing, the trustee withdrew his objection to the debtor's exemptions as to tools of the trade and his objection to the debtor's motion to amend the basis of his wild card exemption from constitutional to statutory on the amended Schedule C-1.  Additionally, the trustee established that the $5,955.25 present in the SECU accounts on the petition date were actually the remaining proceeds from the sale of the debtor's vehicle in April 2012.  Thus, the remaining issues before the court are whether the debtor is entitled to an exemption for wages earned during the 60-day period prior to the petition date pursuant to N.C. Gen. Stat.§ 1-362 and whether the debtor will be permitted to further amend his schedules.

## DISCUSSION

Section 522(l) of the Bankruptcy Code requires debtors to file a list of property that the debtors claim as exempt,11 U.S.C. § 522(1); however, any party in interest may file an objection to the exemptions within thirty days after the meeting of creditors. Fed. R. Bankr. P. 4003(b). Additionally, Federal Rule of Bankruptcy Procedure 1007 provides that a debtor must file along with the bankruptcy petition, or within fifteen days thereafter, schedules and statements chronicling the debtor's current assets and liabilities.  Rule 1009 provides that a debtor may amend a schedule as a matter of course at any time before the case is closed; however, amendment is not permitted where the debtor has engaged in bad faith, misconduct or the amendment would otherwise prejudice creditors. In re Yonikus, 996 F.2d 866, 871-873 (7th Cir. 1993) (denying an exemption based on debtor's fraudulent concealment of assets during bankruptcy case).  In determining whether bad faith exists to deny an amendment, courts look to the totality of the circumstances.  In re Clemmer, 184 B.R. 935, 942 (Bankr. E.D. Tenn. 1995). As a general rule, amendment may be prohibited "if a debtor intentionally conceals an interest in

3

property that is property of the estate from creditors by omitting it from the schedules.  Under those circumstances the courts may infer a fraudulent intent." 9 Collier on Bankruptcy ¶ 1009.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).

North Carolina law allows a debtor to claim an exemption for wages earned during the 60-day period prior to filing a bankruptcy petition if the income is necessary to support the debtor's family.  N.C. Gen. Stat. § 1-362 (applying the wage exemption "when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by his labor.").  The bare allegation that certain wages are necessary to support the debtor's family is insufficient to award the exemption available under N.C. Gen. Stat. § 1-362. Sturgill v. Sturgill, 49 N.C. App. 580, 586, 272 S.E.2d 423, 428 (1980) (stating that the debtor is "required under G.S. 1-362 to state sufficient facts . . . to allow the trial judge to determine that the exemption was necessary.").

In this case, the court finds that the debtor is not entitled to claim an exemption under N.C. Gen. Stat. § 1-362 in the $5,955.25 balance of the SECU accounts because the funds represent proceeds remaining from the sale of the debtor's vehicle in April 2010 and are not wages earned by the debtor during the 60-day period prior to the bankruptcy filing.  Thus, the funds in the SECU accounts constitute non-exempt property, which is included in the bankruptcy estate under 11 U.S.C. § 541.  Moreover, the debtor's motion to amend his Schedules C and C-1 is denied.  The debtor continued to represent that the funds were exempt property following the § 341 meeting of creditors, despite being put on notice that his schedules were inadequate and given the opportunity to amend them.  Instead of taking the opportunity to amend his schedules to reflect the proper categorization of the property, the debtor continued to assert that the funds

in the SECU accounts were exempt under N.C. Gen. Stat. § 1-362.  See In re Sowers, 97 B.R. 480, 487 (Bankr. N.D. Ind. 1989) ("A trustee is not required to play detective or to chase the debtors into court to gain their cooperation.").  By failing to cooperate with the trustee and take advantage of the opportunity to amend, the court determines that no further amendment will be allowed.  The court in no way wishes to deter creative advocacy, but discerns no colorable argument that proceeds from the sale of assets while unemployed fit within the narrow wage exemption in N.C. Gen. Stat. § 1-362.

## CONCLUSION

Based on the foregoing, the trustee's objection to the debtor's exemption as to $5,955.25 in the SECU accounts is **ALLOWED.**  The debtor is not entitled to retain and use the funds originally claimed as exempt pursuant to N.C. Gen. Stat. § 1-362 and is hereby ordered to turnover the sum of $5,955.25 to the trustee within ten (10) days from the entry of this order.  The debtor's motion to further amend Schedules C and C-1 is **DENIED.**


**END OF DOCUMENT**